## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HAROLD D. JORDAN,**
**Claimant Below, Petitioner**

**vs.)    No. 16-1019**  (BOR Appeal No. 2051259)
(Claim No. 2014001955)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Harold D. Jordan, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Timothy Huffman, its attorney, filed a timely response.

The issue presented in the instant appeal is the denial of Mr. Jordan's request to add additional diagnoses as compensable components of his claim for workers' compensation benefits. The claims administrator denied a request to add an annular tear and radiculopathy as compensable components of Mr. Jordan's claim on March 20, 2015. The Office of Judges affirmed the claims administrator's decision on April 20, 2016. This appeal arises from the Board of Review's Final Order dated September 28, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jordan injured his lower back while maneuvering a cable on July 1, 2013, during the course of his employment with Spartan Mining Company. He initially sought treatment in Welch Community Hospital's emergency department for ongoing lower back pain on July 15, 2013. X-rays were performed and revealed degenerative disc disease and facet disease, and Mr. Jordan

1

was diagnosed with an acute myofascial strain and lower back pain. On July 30, 2013, the claim was held compensable for a lumbosacral joint ligament sprain.

On August 7, 2013, Mr. Jordan sought treatment with Jackie Shorter, PA-C, for ongoing lower back pain with radiation into the left leg and associated numbness. Ms. Shorter referred Mr. Jordan for a lumbar spine MRI, which was performed on September 21, 2013, and revealed lumbar degenerative disc disease and facet arthropathy.

Mr. Jordan sought treatment with Rajesh Patel, M.D., on December 9, 2013. Dr. Patel diagnosed Mr. Jordan with an L5-S1 disc protrusion with mild impingement at S1. He recommended the use of a brace and lumbar spine injections.[1] Dr. Patel re-examined Mr. Jordan on February 10, 2014, and April 9, 2014, and opined that Mr. Jordan's current diagnoses are an L4-5 disc bulge, an annular tear at L5-S1, a left-sided disc protrusion at L5-S1, a lumbar sprain, lumbar radiculopathy, and lumbago. Dr. Patel also submitted a diagnosis update request on April 9, 2014, in which he listed Mr. Jordan's primary diagnosis as an annular tear and his secondary diagnosis as radiculopathy.

Joseph Grady, M.D., performed an independent medical evaluation on January 13, 2015. He noted that Mr. Jordan complained of lower back pain with movement. Dr. Grady diagnosed a resolved lumbosacral sprain superimposed on multilevel degenerative changes and a previous L5-S1 microdiscectomy. He further noted that there were no objective signs of lumbar radiculopathy present upon examination. Following Dr. Grady's evaluation, the claims administrator denied Dr. Patel's request to add an annular tear and radiculopathy as compensable diagnoses based upon its finding that Mr. Jordan's medical record does not contain any evidence confirming the existence of the diagnoses at issue.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on February 3, 2016. Dr. Mukkamala noted that Mr. Jordan complained of lower back pain with radiation into the left lower extremity. He opined that Mr. Jordan's ongoing symptoms are attributable to non-compensable degenerative spondyloarthropathy as opposed to the compensable July 1, 2013, injury. Dr. Mukkamala further opined that the diagnosis update request completed by Dr. Patel was unnecessary because the diagnostic imaging of record does not confirm the diagnosis of an annular tear, and there was no objective evidence of radiculopathy upon Dr. Mukkamala's examination.

In its Order affirming the March 20, 2015, claims administrator's decision, the Office of Judges held that Mr. Jordan has failed to demonstrate that the diagnoses of an annular tear and radiculopathy are related to his employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 28, 2016. On appeal, Mr.

---

[1] On April 7, 2014, the claims administrator denied a request for authorization of a TLSO brace and a pain management referral based upon its finding that the request is not medically necessary for the treatment of the compensable injury. The claims administrator's decision was affirmed by the Office of Judges on December 1, 2014. The denial of authorization for a back brace and pain management referral was not appealed to this Court.

Jordan asserts that the evidence of record clearly demonstrates that the diagnoses of an annular tear and radiculopathy arose from the injuries he sustained in the course of his employment on July 1, 2013.

At the outset, the Office of Judges found that Mr. Jordan's medical record indicates that his current symptoms, namely lower back pain with radiation into the left leg, are very similar to symptoms reported by Mr. Jordan during 1997 and 1998. Specifically, the Office of Judges found that following an L5-S1 microdiscectomy performed on November 3, 1997, Mr. Jordan again reported experiencing severe radiating lower back pain on January 6, 1998. The Office of Judges then found that Mr. Jordan described experiencing similar symptoms to Ms. Shorter, Dr. Patel, Dr. Grady, and Dr. Mukkamala. Moreover, the Office of Judges found that Dr. Patel's treatment notes do not specifically link the diagnoses of an annular tear and radiculopathy to the July 1, 2013, injury. The Office of Judges then concluded that given Mr. Jordan's pre-existing history of radiating lower back pain, the record contains insufficient evidence necessary to link the diagnoses of an annular tear and radiculopathy to the July 1, 2013, injury. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 24, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3